UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SUSAN S. KELLEY,<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>      Defendant. | No. CV-08-00207-JPH<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on March 6, 2009. (Ct. Rec. 13, 15). Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney David J. Burdett represents the Commissioner of Social Security ("Commissioner"). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 19.) On February 26, 2009, plaintiff filed a reply. (Ct. Rec. 18.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 15) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 13.)

**JURISDICTION**

Plaintiff protectively filed applications for disability insurance benefits (DIB) and supplemental security income on October 25, 2004, alleging onset as of November 28, 2003. (Tr.

ORDER GRANTING DEFENDANT'S
FOR SUMMARY JUDGMENT                                         - 1 -

92-94, 394-395.)  The applications were denied initially and on reconsideration. (Tr. 80-81, 87-90.)

A hearing was held before Administrative Law Judge (ALJ), Hayward C. Reed on September 5, 2007.  (Tr. 429-467 - check). Plaintiff, represented by counsel, and vocational expert Anne F. Aastum testified.  On November 14, 2007, the ALJ found plaintiff not disabled.  The Appeals Council denied a request for review on May 14, 2008.  (Tr. 6-9.)  Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on June 27, 2008. (Ct. Rec. 4.)

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decisions, the briefs of both Plaintiff and the Commissioner, and are summarized here.

Plaintiff was 35 years old at the hearing. (Tr. 433.)  She has a high school education and past as a waitress and cashier. (Tr. 433-434.)  She alleged disability onset as of November 28, 2003, due to degenerative disk disease and depression.  (Tr. 98, 101.)

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The

Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                        - 3 -

disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past.  If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered.  If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work.  The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by

substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

    It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the

decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At the outset, the ALJ found plaintiff met the DIB requirements through June 30, 2007. (Tr. 21.) The ALJ found at step one that plaintiff has not engaged in substantial gainful activity since onset. (Tr. 21.) At steps two and three, the ALJ found that plaintiff suffers from degenerative disk disease of the lumbar spine and depression, impairments that are severe but which do not alone or combination meet or medically equal a Listing impairment. (Tr. 21, 23.) The ALJ found plaintiff less than completely credible. (Tr. 25-26.) At step four, the ALJ found plaintiff's RFC for a range of light work permits her to perform her past relevant work as a waitress. (Tr. 27.) The ALJ's step four conclusion ended the sequential evaluation. Accordingly, the ALJ found that plaintiff is not disabled as defined by the Social Security Act. (Tr. 27.)

**ISSUES**

Plaintiff contends that the Commissioner erred as a matter of law by failing to properly define "moderate" for the vocational expert. (Ct. Rec. 14 at 13-15.) The Commissioner responds that the ALJ properly weighed the evidence, including plaintiff's credibility, and correctly defined the term "moderate" for the VE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                       - 6 -

in the context of plaintiff's mental limitation.  The Commissioner asks the Court to affirm his decision.  (Ct. Rec. 17 at 6-9.)

**DISCUSSION**

**A. Weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908.  The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.  Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms.  *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition.  *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th Cir. 1989).  However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted).  More weight is given to a treating physician than an examining physician.  *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996).  Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians.  *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004).  If the treating or examining

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                              - 7 -

physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F. 3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

Plaintiff contends that the ALJ failed to properly define "moderate" for the VE in the context of plaintiff's assessed RFC. The argument requires a discussion of the ALJ's RFC determination, which in turn necessitates examining the weight assigned to the medical and other evidence.

In his first hypothetical, the ALJ posited the following mental RFC:

> (1) moderate limitation in the ability to maintain attention and concentration for extended periods;
>
> (2) moderate limitation in the ability to perform activities within a schedule, maintain regular attendance and be punctual;
>
> (3) moderate limitation in the ability to complete a normal workday or workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                  - 8 -

(Tr. 460-461, referring to RFC check box form by consulting psychologist R. Eisenhauer, Ph.D., at Tr. 310-311.)

The VE asked the ALJ to define moderate. (Tr. 461.) He responded:

> The claimant is able to understand, remember, and execute both simple and detailed instructions. Due to variable concentration and energy secondary to depression, the same concentration will be episodically compromised, although will be consistent the majority of the time. While ongoing depression associated with physical problems will limit tolerance of work stress during acute episodes, most of the time the individual is capable of being reasonably consistent on work tasks within an average work week.

(Tr. 461, referring to Eisenhauer's narrative explanation for his RFC at Tr. 312-313.)

In his second hypothetical, the ALJ gave the following mental RFC:

> Focus and concentration mildly to moderately impaired. Pace and persistence moderately impaired. Has the intellectual capacity to understand, remember, and follow both complex and simple instructions. While depressive symptoms may create occasional difficulties completing specific tasks in a timely or consistent manner, interactions with others may be mildly disturbed by the hypothetical person's depressive symptoms. Stress would likely cause transient mild worsening in depressive and possibly pain symptoms.

(Tr. 462, referring to the January 4, 2005, psychological evaluation by Paul Michels, M.D., psychiatrist, at Tr. 241.)

The VE noted the stress inherent in waitress and cashier positions and precluded them under this RFC, meaning at step four plaintiff could not perform her past relevant work. (Tr. 463.) The VE gave an alternative step five opinion (not adopted by the ALJ) that there are other jobs within the RFC a person with plaintiff's limitations could perform, including mail clerk,

1  cleaner, and injection molding machine tender. (Tr. 463.)
2      The ALJ expressly adopted Dr. Eisenhauer's RFC. (Tr. 23.)
3  The ALJ observes that this assessment is consistent with and
4  supported by the medical evidence of record. (Tr. 23.)
5      The ALJ notes Dr. Eisenhauer assessed moderate limitation in
6  the ability to maintain attention and concentration for extended
7  periods, perform activities within a schedule, maintain regular
8  attendance and be punctual within customary tolerances, and
9  complete a normal workday of workweek without interruptions from
10 psychologically based symptoms and to perform at a consistent pace
11 without an unreasonable number and length of rest periods. (Tr.
12 24.)
13     In adopting this RFC, the ALJ considered plaintiff's
14 credibility. (Tr. 24-26.) Significantly, plaintiff does not
15 challenge the credibility determination in this appeal. The ALJ
16 found plaintiff less than fully credible based on the many
17 inconsistencies between her statements and the objective medical
18 evidence, including testifying to "a very limited ability to
19 stand, walk, lift, and sit," but also said "she walks a block to
20 the gas station every hour, and there is evidence [in the medical
21 record] that she has gone jet-skiing the last 2 summers." (Tr.
22 25, referring to Exhibit 17F.)
23     The ALJ considered plaintiff's use of deception in narcotic
24 drug seeking behavior. (Tr. 25.) Plaintiff denied selling her
25 medication and blamed its disappearance on her son, or she flushed
26 it because she didn't like it. (Tr. 25.) Plaintiff denied using
27 illegal drugs; as the ALJ points out, she then tested positive for
28 amphetamines. (Tr. 25-26.) In addition, plaintiff has been able

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 10 -

to go without pain medication since she was cut off in March of 2007. (Tr. 26.)

The ALJ notes that despite claims of disabling depression, plaintiff has never pursued mental health treatment. If mental health problems are not severe enough to motivate plaintiff to obtain treatment, the ALJ reasons, it is difficult to accept her assertions that the impairment is disabling. (Tr. 26.)

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). Noncompliance with medical care or

unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective complaints.  20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F. 2d 597, 603 (9th Cir. 1989).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989).  It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.  The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review.  42 U.S.C. § 405 (g).

The ALJ provided clear and convincing reasons supported by the record for finding plaintiff's allegations not fully credible. The ALJ weighed the medical evidence, including that of the treating, examining and consulting professionals.
The ALJ's assessment of the medical evidence and of plaintiff's credibility is supported by the record and free of legal error. Plaintiff's argument concerning the ALJ's definition of moderate is:

> In this case, Ms. Kelley believes that the ALJ mistakenly determined that her moderate limitation is the same as no impairment at all or mistakenly explained to the vocational expert that the moderate limitations, as he states to the vocational expert in the hypothetical, were meant that she was still able to function satisfactorily.  This is erroneous as in the *Haga*[1] case.  If the limitations assessed in the hypothetical question to the vocational expert were meant that the individual was still able to function satisfactorily, then they should not have been part of

---

[1] Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007.)

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                      - 12 -

the ALJ's RFC assessment of Ms. Kelley.
(Ct. Rec. 14 at 14.)

Clearly plaintiff is mistaken with respect to her first point: by definition the ALJ's inclusion of mental limitations indicates they are more than "no impairment at all." Plaintiff's second allegation, that the ALJ misdefined a moderate limitation as "still able to function satisfactorily," is not supported by the record. *Haga* is inapposite.

**B.   Plaintiff's vocational expert**

Plaintiff contends the March 19, 2008, report submitted after the hearing by VE Ellen Nagourney shows that the ALJ failed to properly weigh the evidence, including his mental RFC determination as described to the VE at the hearing and in the ALJ's written decision. (Ct. Rec. 14 at 15-16.)

The court may remand based on postdecision evidence only if plaintiff shows good cause for failing to produce the evidence earlier and that the evidence is material. 42 U.S.C. § 405(g); *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001). Even if the report is considered material, plaintiff does not establish good cause for failing to produce it until after the ALJ's adverse decision.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is **GRANTED.**

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                       - 13 -

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                       - 13 -

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED.**

The District Court Executive is directed to file this Order, provide copies to counsel for Plaintiff and Defendant, enter judgment in favor of Defendant, and **CLOSE** this file.

DATED this 12th day of March, 2009.

s/ James P. Hutton<br>JAMES P. HUTTON<br>UNITED STATES MAGISTRATE JUDGE